Cook *et al. v.* Mason *et al.*

(Division B.   May 12, 1931.   Suggestion of Error Overruled June 8, 1931.)

[134 So. 139. No. 29383.]

Powell, Harper & Jiggitts, of Jackson, for appellants.

J. M. Stevens, Jr., and R. T. Mobley, both of Jackson, for appellees.

Argued orally by **A. Y. Harper**, for appellant, and **John Morgan Stevens, Jr.,** for appellee.

**Griffith, J.,** delivered the opinion of the court.

Manhattan subdivision in the First district of Hinds county consists of about one hundred forty-seven acres, subdivided into many small lots. Appellants had sold to the defendants herein a number of these lots, and later, when some of these same lots were attempted to be sold for taxes, appellants became the purchasers at the tax sales. After several years, appellants filed their bill to confirm their tax titles, and decrees pro confesso

were taken against all the defendants, except five, who answered and contested the bill.

Appellants admit that their tax deeds are void, but seek to prevail upon adverse occupancy, the proof being that, continuously for more than the statutory period of three years, appellants through their tenants have cultivated about seventy-five acres of said subdivision and have had the remainder in pasture. It is not shown however that any part of the lots here in question were within the cultivated portion; and the rule is well settled that, when the title of a claimant to a part of the land is void, the occupancy by him of that part to which he had valid title will not extend by constructive possession to the other part or parts not actually occupied and to which his title was invalid. Leavenworth v. Reeves, 106 Miss. 722, 729, 64 So. 660. The pasture portion does not aid appellants, for there is no proof that the said portion was inclosed, and the great weight of authority is to the effect that pasturing, without inclosure, does not constitute adverse occupancy. 2 C. J. 67.

The appellants have failed, therefore, to carry the burden of proof in the matter of adverse occupancy; and, since the answers and proof of some of the defendants show that the complainants are not entitled to relief, the bill was properly dismissed, even as to those of the defendants who had suffered decrees pro confesso. See Griffith Chancery Practice, sections 263 and 624.

Affirmed.