## Patterson *et al. v.* State.

(Division A.  Nov. 16, 1936.)

[170 So. 645.  No. 32361.]

**W. Harold Cox,** of Jackson, for appellants.

228

230

**Herbert Holmes,** of Senatobia, for the state.

232

**Smith, C. J.**, delivered the opinion of the court.

This is a suit in equity to cancel two patents issued by the land commissioner to purchasers of land from the state. The bill of complaint alleges "Now comes your complainant, State of Mississippi, by Greek L. Rice, Attorney General, and R. D. Moore, Land Commissioner of the State of Mississippi, and on behalf of the State of Mississippi," etc. The bill is not signed by the attorney general, but by an attorney not connected with his office.

The answer of the appellants includes a plea alleging that the suit was filed and is being prosecuted without the consent of the land commissioner and the attorney general. This plea, which is simply a challenge of the authority of the attorney conducting the litigation for the complainant to so do, was separately heard and overruled.

The land commissioner testified in support of the plea saying, in substance, that a complaint had been made to him of the execution of the patents sought to be canceled; that he referred the complaining persons to the attorney general, but had not intended to authorize the institution of the suit; that he has investigated the matter here sought to be litigated, arrived at the conclusion that no fraud has been perpetrated upon the state, and that he wanted the suit dismissed.

Sections 6019 and 6020 are as follows:

"6019. The land commissioner may prosecute suits,

in the name of the state, concerning the public lands, through the attorney-general, a district attorney, or some attorney at law employed by him for that purpose, with the consent of the governor.''

''6020. The land commissioner shall institute and prosecute, and prosecute where already instituted, all necessary suits to cancel patents to lands fraudulently obtained or issued, and to recover the possession of the land; and may, when ordered by the court, make any tender in any suit as well after as before suit is begun.''

Under these sections, the institution and prosecution of suits of the character here under consideration are for the determination of the land commissioner, and whether he authorized the institution of the suit here in question is of no consequence, for he has the absolute control thereof in so far as the interest of the state therein is concerned. State ex rel. Brown v. Poplarville Sawmill Company, 119 Miss. 432, 81 So. 124, and may dismiss it whenever he sees fit to do so. The attorney general, the district attorney, and private counsel employed with the consent of the governor, are simply attorneys designated by the statute to represent the land commissioner in the suit.

The court below should have complied with the request of the land commissioner to dismiss the suit. Its decree will, therefore, be reversed, and the suit will be here dismissed.

So ordered.