RELIANCE INV. Co. *v.* JOHNSON *et al.*

(Division A. Feb. 12, 1940. Suggestion of Error Overruled March 25, 1940.)

[193 So. 630. No. 33988.]

228

(Division A.   March 25, 1940.)

[194 So. 749.   No. 33988.]

Howie, Howie & McGowan, of Jackson, for appellant.

230

Lee M. Russell, of Jackson, for appellees.

Lee M. Russell, for appellees, on suggestion of error.

Argued orally by **M. M. McGowan**, for appellant, and by **Lee M. Russell**, for appellees.

**Smith, C. J.**, delivered the opinion of the court.

The appellant exhibited its bill against the appellees and others alleging that it had purchased from the state

property described therein to which the state had acquired title at a sale thereof for delinquent taxes, and prayed that its title thereto be confirmed under section 402, Code of 1930. The case was tried on bill, answer and proof, resulting in the bill of complaint being dismissed, the decree so doing reciting:

"That the procurement of the patent from the State of Mississippi was illegal and fraudulent as against the State of Mississippi and on account thereof the said patent is utterly void;

"(3) That on account thereof the complainant is not entitled to affirmative relief as prayed for in the bill, and not entitled to have the said title confirmed in it, and it is therefore hereby ordered that the Bill of Complaint and the Amendments thereto be and are hereby finally dismissed, . . ." The holding that the sale of the property for taxes was regular and proper is not seriously challenged.

The property came to the appellant by mesne conveyances from a patentee from the State. The appellees claim and introduced evidence to prove (1) that the patent was fraudulently procured from the State; and (2) that fraud appears in the execution of the deeds in the appellant's chain of title after the patent from the State was executed. It is true that a complainant under section 402 of the Code must show either a legal or an equitable title to the land described in the bill of complaint before the court will entertain the bill or grant the relief therein prayed. The appellant's evidence disclosed a prima facie title in it to the land, and the appellees' evidence does not disclose facts which render any of the deeds in the appellant's chain of title nullities. They are all valid unless and until set aside at the complaint of the grantors therein. The validity vel non of the patent from the state can be challenged under sections 6019 and 6020, Code of 1930, only in a proceeding instituted for that purpose by the land commissioner. Patterson v. State, 177 Miss. 227, 170 So. 645. If any of

these deeds were void, and not merely voidable, a different question would be presented, as to which we express no opinion.

The decree of the court below will be reversed and a decree will be rendered here confirming the appellant's title to the land described in its bill of complaint, "as against all persons claiming the same under the title existing prior to the sale for taxes", as provided by section 402, Code of 1930.

So ordered.

**Griffith, J.,** delivered the opinion of the court on suggestion of error.

Whatever rights appellees had in the land in question were totally extinguished by the tax sale to the state and the elapse of the period of redemption, and what the state afterwards did with its admittedly complete and valid title is of no concern to appellees from a legal standpoint. If fraud was perpetrated against the state—and for the purpose of the present case and for that purpose only we will concede that there was—that point can be raised only by the state.

The defense of fraud here asserted by appellees is an affirmative one, and such a defense may be interposed only by a party whose title or interest is affected by the alleged fraud. The rule is that when a person, although a party to the suit, has no actual interest to be affected by a question arising therein, that person will not be heard to make or raise any point touching that particular question. Griffith, Miss. Chancery Practice, secs. 360 and 585. So far as appellees are concerned, the case stands as if no question of fraud had ever appeared in the record; and this includes the point that appellant did not come with clean hands, for the unclean hands do not touch appellees, their entire interest having been wholly extinguished before appellant ever had any hands in the course of the events.

Suggestion of error overruled.