JONES *v.* RUSSELL *et al.*

(Division A. Feb. 26, 1940. Suggestion of Error Overruled March 11, 1940.)

[194 So. 290. No. 34036.]

Ruth Campbell, of Yazoo City, for appellant.

Barbour & Henry and J. G. Holmes, all of Yazoo City, and Forrest B. Jackson, of Jackson, for appellees.

Smith, C. J., delivered the opinion of the court.

The appellant seeks the cancellation of a sale of land to the State for taxes, three patents from the State there-

to, and several leases thereof and contracts for the sale of timber thereon executed by the patentees.

The land was owned in 1931 by Phillips. The taxes thereon for that year were not paid, and it was sold by the sheriff therefor on August 1, 1932. On September 9, 1932, Phillips granted the Southern Natural Gas Corporation a right of way over a portion of the land for a pipe line, with the right of ingress and egress for the purpose of laying and maintaining the pipe line. On September 30, 1932, Phillips conveyed the land to Ficklin "subject to unpaid taxes and all other restrictions and obligations." On the 15th day of September, 1933, Ficklin conveyed the land to the appellant "subject, however, to unpaid taxes for 1931 and thereafter . . . and to right of way to Southern Natural Gas Company." The bill of complaint was filed in May 1939. The appellee relies on the two-year period of limitation for bringing actions of this character prescribed by Chapter 196, Laws of 1934—the first section of which the Reporter will set out.[1] The appellant lives in Illinois and her only claim of actual possession of the land is based upon the grant by Phillips to the Southern Natural Gas Corporation of a right to lay a pipe line across a portion of the land. This pipe line was laid by the gas company,

---

[1] "Section 1. Be it enacted by the Legislature of the State of Mississippi, That the owner, mortgagee or other person interested in any land which has been heretofore or may be hereafter sold or forfeited to the state for delinquent taxes may bring a suit or action to cancel the title of the state, or its patentees, or to recover said land from the state, or its patentees, on account of any defect, irregularity or illegality in the assessment, levy or sale of such land for delinquent taxes, within two years after the date this act becomes effective as to lands heretofore sold or forfeited to the state for delinquent taxes, and within two years after the period of redemption shall have expired, as to lands hereafter sold or forfeited to the state for delinquent taxes, and not thereafter. Provided, however, the limitations herein fixed shall not apply when the taxes on such land had been paid prior to the time it was sold for taxes, and provided, further, that the provisions of this act shall not apply to lands sold to the state prior to January 1, 1928."

and its employees go on the land in order to do whatever is necessary to keep it in proper order. Pretermitting any consideration of the effect vel non of the sale of the land for taxes on this easement of the gas company, it, the easement, does not create the relationship of landlord and tenant between the gas company and the owner of the land; and the gas company's possession, if such it is, of that small portion of the land through which its pipes run is in its own right and for its own benefit and does not inure to the benefit of the appellant.

The appellant's main contention is that the statute applies only when there is an actual delinquency in the payment of the taxes thereon at the time land is sold therefor, and that there was no such delinquency here, for the reason that under the statute then governing the sale of lands for taxes, the owner thereof had during the whole of the first day of August, 1932, in which to pay the taxes on the land for 1931; consequently, this land having been sold on that day, before the expiration of the time in which the taxes could be paid, there was no delinquency at the time of the sale in the payment thereof. A decision of this question would be on the merits—the very thing which the statute was intended to cut off, and the only exception thereto which the statute recognizes is the actual payment of the taxes on the land prior to its sale therefor.

On the theory that the statute would not apply if the appellees were not in possession of the land, the appellant says that the appellee's possession was not rightful if the sale of the land to the State for taxes was wrongful, for, in that event, its entry on the land would be merely as a trespasser. The sale of the land to the State for taxes vested title in the State and its vendees prima facie and possession thereunder is prima facie rightful. Moreover, to inquire into the validity of the tax sale in order to determine this rightfulness vel non of this possession would be to decide the case on its merits, that which the statute here under consideration was intended to cut off.

834

The appellant asked, but was not permitted, to amend her bill of complaint by alleging that the patents to this land were fraudulently obtained from the State; and the prayer thereof by adding thereto: "That process issue to the Sheriff of Yazoo County to summon the State Land Commissioner, Guy McCullen, to be and appear at August Rules to Plead, answer or demur to this suit." No error was committed in not allowing this amendment. The Land Commissioner only can raise the question of fraud on the State in obtaining patents to land, Reliance Investment Company v. Marguerite Johnson et al., 193 So. 630 (recently decided by this Court, February 12, 1940, but not yet reported) and whether he shall raise this question or not is for his own determination. In the absence of a statute to the contrary, he is not a necessary party to a suit of this character, and no statute requiring him to be made a party thereto has been called to our attention.

Affirmed.