THOMPSON v. REED et al.

(In Banc. Nov. 26, 1945.)

[23 So. (2d) 888. No. 35965.]

**Jas. A. Finley**, of Tupelo, for appellant.

132

**Dean Belk,** of Holly Springs, and **Pegram & Pegram,** of Ripley, for appellees.

**McGehee, J.,** delivered the opinion of the Court.

The appellant, Lewis Thompson, claims the land here involved as a vendee of the patentee from the state where the land had been sold to the state under a tax sale, which is admittedly void on account of the same having been made on a day not authorized by law, but he invokes the three-year statute, Section 716, Code 1942, known as the ''Three years' actual occupation under a tax title'' statute, to support his claims of title. The record discloses, however, that the proof is insufficient to show that he ever occupied the land at all subsequent to the pretended tax sale or prior thereto. Nor do the facts relied upon by him show adverse possession such as to put the former owners on notice that their constructive posses-

sion of these wild and uncultivated lands which follows the legal title had been invaded, even if the two-year limitation provided for by Chapter 196, Laws of 1934, has any application.

The proof is that the appellant paid taxes on said land continuously for three or more years prior to the filing of the suit, and that he gave a deed of trust thereon for each of said years; also that he went upon said lands in person or by agent and offered to sell some timber therefrom during said period of time. However, no timber was actually sold or cut and removed from the land by him, and there was nothing to indicate to the true owners that their rights were being invaded if they had visited the premises from time to time during the period in question, it not being shown that any of the said true owners were present when any timber was being offered for sale by the appellant, nor that they had actual notice of the giving and recording of said deeds of trust. It is often the case that a claimant through a void tax title begins to pay the taxes on the land after it is patented by the state and again appears on the assessment rolls, but neither this fact alone nor the constructive notice of the giving of deeds of trust thereon, or doing both of said acts, is a sufficient invasion of the possession which follows the legal title of the former owners such as to require them to file a suit to set aside the tax sale within the two years prescribed by the said Chapter 196, Laws of 1934.

The appellant also seeks to recover under his answer and cross bill the statutory penalty for the cutting of certain trees from the land by E. G. Reed and E. D. Robins, the said E. G. Reed and E. D. Robins having become the purchasers of the undivided one-third interest of one of the former owners. The owners of the other two-third interest therein also made their answer a cross bill, claiming, among other things, their interest in the timber in question, but by agreement of the parties the actual value of said trees was paid to the clerk to be held until further order of the court, and the issue in regard thereto was

retained for further hearing as between all of the parties other than the appellant.

Finding no error in the record wherein it was adjudged that the appellant had no title to either the land or the timber, and that the cutting thereof under the circumstances did not warrant infliction of the statutory penalty in favor of anyone, the decree of the court should be affirmed, and the cause remanded.

Affirmed and remanded.

**L. A. Smith, Sr., J.,** took no part in this decision.