CARNEY, et al. *v.* ANDERSON, et al.

April 7, 1952.

No. 38333 (58 So. (2d) 13)

J. Kenneth Riley, and G. L. Martin, for appellants.

506

508

510

Henry Mounger, and E. B. Patterson, for appellees.

512

**Ethridge, J.**

H. L. Carney et al., appellants and complainants in the court below, instituted this action in the Chancery Court of Lawrence County against V. A. Anderson et al., seeking to cancel the claims of appellees to 80 acres of land in Lawrence County. Appellants claimed as heirs of the original owner of the lands at the time of the tax sale to the State on August 3, 1932. Appellees claimed under that tax sale and a forfeited tax-land patent from the State, to J. D. Willoughby, dated July 23, 1941. Willoughby conveyed his interest in the land to Givens by warranty

deed of October 17, 1941, and Givens conveyed his interest in the same lands to appellees by warranty deed dated November 29, 1941. The chancery court found that, although the tax sale to the State was void, appellees had obtained title to the lands by adverse possession for more than three years under Code of 1942, Sec. 716, the three-year, actual-occupancy statute for tax sales. Therefore, the trial court dismissed appellants' bill with prejudice, and confirmed appellees' title against appellants as prayed in the cross-bill. We affirm the result of that decree.

The first contention of the appellants is that the tax sale to the State on August 3, 1932 was void on its face, since it was made at a time not authorized by law, and that a tax deed which is void on its face cannot constitute color of title and cannot be the basis of an adverse possessory claim under Code of 1942, Sections 716 or 717. It is true that the tax sale of August 3, 1932 was void under the cases of Smith v. Hendrix, 1937, 181 Miss. 229, 178 So. 819, and White v. Noblin, 1938, 183 Miss. 92, 183 So. 914. ▋▋ However, Hamner v. Yazoo Delta Lumber Co., 1911, 100 Miss. 349, 56 So. 466 settled in the affirmative the rule in this state that a void tax deed may serve as color of title. In that case the deed was void because based upon an invalid assessment. The Court in a lengthy opinion applied the three-year occupancy statute, and expressly held that a void tax deed may constitute color of title. It considered in detail the reasons for this rule, and pointed out that the vitalizing element of the statute was the possession, and that a refusal to apply the plain terms of the statute would in effect repeal it.

This principle has been followed in Smith v. Anderson, 1942, 193 Miss. 161, 8 So. (2d) 251; Jones v. Russell, 1940, 187 Miss. 827, 194 So. 290; Thompson v. Reed, 1945, 199 Miss. 129, 23 So. (2d) 888. Jones v. Russell, supra, involved a tax sale to the state made on August 1, 1932, and the Court applied the two-year statute of adverse possession, Sec. 717. The Court there refused to pass upon the

validity of the tax sale since [187 Miss. 827, 194 So. 291] "A decision of this question would be on the merits,— the very thing which the statute was intended to cut off * * *." It was held that the sale to the state "vested title in the State and its vendees prima facie and possession thereunder is prima facie rightful." The decree of the trial court holding that the vendee of the state had obtained title by adverse possession was affirmed.

The most recent case applying Code Sec. 717 is Broadus v. Hickman, 1951, 210 Miss. 885, 50 So. (2d) 717. There the tax sale was void because of an improper method of sale, but an adverse possessory title under Section 717 was found.

The general rule elsewhere as to a void tax deed constituting color of title seems to be in accord with the Hamner rule. 1 Am. Jur., Adverse Possession, Sec. 201.

Appellants rely primarily upon the original opinion in Meyerkort v. Warrington, Miss. 1944, 19 So. (2d) 433. That opinion, however, was withdrawn by the Court as a result of the settlement of the case by the parties, in 1945, 198 Miss. 29, 20 So. (2d) 708. The original withdrawn opinion has been cited with approval in Walker v. Polk, 1950, 208 Miss. 389, 44 So. (2d) 477, 485, on abandonment, and in Crooker v. Hollingsworth, 1950, 210 Miss. 636, 46 So. (2d) 541, 544, 50 So. (2d) 355, on equitable estoppel. Appellants rely upon the statement in the original Meyerkort opinion that the sale to the State was void for want of description, and that "statutes of limitation do not run in favor of the holder of a tax deed void on its face. [19 So. (2d) 436.]" But there the Court was dealing with a tax sale which contained a void and unintelligible description of the property, and it was properly said that "in a tax paper such as in this case there are no calls." That statement is correct where the description of the property in the tax deed is void, but that situation does not exist here. The applicable statute is Code of 1942, Sec. 717, which provides in part as follows:

"The owner, mortgagee or other person interested in any land which has been heretofore or may be hereafter sold or forfeited to the State for delinquent taxes may bring a suit or action to cancel the title of the State, or its patentees, or to recover said land from the State, or its patentees, on account of any defect, irregularity or illegality in the assessment, levy or sale of such land for delinquent taxes, within two years after the date this Act becomes effective as to lands heretofore sold or forfeited to the State for delinquent taxes, and within two years after the period of redemption shall have expired, as to lands hereafter sold or forfeited to the State for delinquent taxes, and not thereafter. * * * The completion of the limitation herein prescribed to bar any action shall defeat and extinguish all the right, title and interest, including the right of possession in and to such land, of any and all persons whatsoever, except the State of Mississippi and its patentees, and it shall vest in the State, and its patentees, a fee simple title to such lands."

Appellants also argue that the finding of the chancery court that there had been sufficient adverse possession to comply with Section 717 is against the great weight of the evidence. Without lengthening this opinion by discussing the testimony in detail, it is sufficient to say that the record amply supports the decree of the trial court. In Broadus v. Hickman, supra [210 Miss. 885, 50 So. (2d) 719], it was held that ██ ██ "the necessary facts to acquire title by adverse possession and preclude recovery by another against such adverse claimant are the same under said Section 717, the two-year tax statute, as under Section 711, Code 1942, tthe ten year statute."

The State of Mississippi and the State Land Commissioner were made original parties defendant to the suit. In 1945 the present appellees brought an action against the State in the chancery court to confirm their forfeited tax-land patent, as authorized by Code of 1942, Sections

1315-1322. The final decree in that case adjudicated that the patent was a valid patent, that no fraud had been perpetrated upon the State in obtaining it, and confirmed the patentees' title as against the State. In September 1949, attorneys for the present appellants requested the Land Commmissioner and Attorney General to cancel by an administrative action the tax sale to the State and the patent issued eight years before. Code of 1942, Secs. 4073 and 4077 authorize the Land Commissioner, with the approval of the Attorney General, to strike from the list of lands sold to the State those which were obtained by void sales, and, as Sec. 4077 says, which "are not the property of the State. ██ ██ These officers properly refused to take this requested action after the patent had been issued, the patent had been confirmed against the State in 1945, and whatever title existed was in the grantees of the patentee. Appellants now argue that these officers violated their duty under Code Secs. 4073 and 4077, and that the chancery court erred in dismissing this action against the State and the State Land Commissioner to compel them to so act. Without considering the doubtful question as to whether the court could direct the requested action from these officers prior to the time the State conveyed away its title, in this case no such relief is available because the State has many years ago conveyed away whatever title it had to the property.

Moreover, ██ ██ it is well established that only the State can question the validity of its patents, and that issue has already been adjudicated in the 1945 validation proceedings. Reliance Investment Co. v. Johnson, 1940, 188 Miss. 227, 193 So. 630, 194 So. 749; Jones v. Russell, 1940, 187 Miss. 827, 194 So. 290. Whatever title the State had has been conveyed to appellees. And appellants in the present action have had the opportunity of adjudicating both the validity of the tax sale as against them and whether appellees have obtained title by adverse possession.

The chancellor in his opinion stated that appellees pleaded Code Secs. 716 and 717, "but conceded in their arguments that the latter statute does not apply, hence it is not here considered * * *". Appellants argue that therefore appellees cannot claim title under Section 717. But the appellees pleaded Section 717 in both their answer and cross bill, and no part of the record reflects that they withdrew those pleas. Moreover, ▮▮ ▮ if the facts support the holding of the trial court and it reached the right result, this Court will affirm the decree even if the lower court assigned erroneous reasons for its conclusion. We do not think that under the facts Section 716, the three-year actual occupancy statute was applicable. Section 717, the two-year statute, deals expressly with sales to the State, encompasses possession under color of title, and is pertinent to the present facts.

Affirmed.

**McGehee, C. J.**, and **Hall, Lee** and **Arrington, JJ.**, concur.

## ON MOTION TO REMAND TO DOCKET.

June 9, 1952, 59 So. (2d) 262

6. **Courts—final judgment Supreme Court when five judges participate.**
   Under the amended Constitution and the rules of the Court a decision by five of the nine judges of the Supreme Court is a final decision and as such is appealable to the United States Supreme Court.

Headnote as approved by Hall, J.

**Hall, J.**

The decree of the lower court was affirmed on April 7, 1952, five of the judges of this Court participating. 58 So. (2d) 13. A suggestion of error was overruled by the same five judges on May 19, 1952.

Appellants have now filed a motion seeking withdrawal of the original opinion and affirmance on suggestion of error and further asking that the case be remanded to the docket for reargument before the Court in banc on the suggestion of error. Such a motion is novel under our procedure and would be overruled without an opinion but for one point which appellants argue. They state that they desire to appeal to the Supreme Court of the United States and that under the holding of that Court in Gorman v. Washington University, 316 U. S. 98, 62 S. Ct. 962, 86 L. Ed. 1300, they cannot appeal from a decision of any number of our judges less than the entire court in banc.

In the cited case there was under consideration a provision of the Constitution of Missouri whereby the Supreme Court of that state was divided into two divisions and under which it was provided that when a federal question is involved, the cause, on the application of the losing party, shall be transferred to the entire court for its decision. A rule of the Supreme Court of Missouri was to the same effect. One division of the Missouri Supreme Court affirmed the cause and on application to the United States Supreme Court for a writ of certiorari to review the judgment of affirmance it was held that the judgment was not final unless and until an application had been filed for a review in banc by the Missouri Supreme Court.

We have no such provision in the Constitution of this State nor do we have such a rule of this Court. Section 145A of our Constitution, as recently amended, provides that any five of the nine members of the Court shall constitute a quorum. Since the adoption of that amendment we do not consider any cases in banc except in the event there is a disagreement among the five who originally heard the case and except in cases where a death sentence has been imposed and except in cases where we are confronted with overruling a prior decision and except in those cases which are considered by the panel of five judges to be of such importance that a consideration in banc is deemed advisable. ██ █ Under our Constitu-

tion and rules the judgment heretofore entered is a final judgment. Hays Finance Co. v. Bailey, Miss., 56 So. (2d) 806.

Nevertheless, we have considered appellants' motion in banc so that their right of appeal may be preserved if there be any question about it, and the motion is overruled.

Motion overruled.

**McGehee, C. J.,** and **Roberds, Alexander, Lee, Kyle, Holmes, Arrington** and **Ethridge, JJ.,** concur.