Mrs. Virgie D. SHEPHERD, Appellant,

v.

J. C. MAHANNAH, Trustee for Kelsey-Hayes Wheel Company, Appellee.

No. 15247.

United States Court of Appeals,
Fifth Circuit.

April 6, 1955.

738

Rufus Creekmore, Jackson, Miss., Frank E. Everett, Jr., Vicksburg, Miss., for appellant.

M. E. Ward, Dent, Ward & Martin, Vicksburg, Miss., Percy M. Lovett, Butzel, Eaman, Long, Gust & Kennedy, Detroit, Mich., for appellee.

Before HOLMES and BORAH, Circuit Judges, and DAWKINS, District Judge.

HOLMES, Circuit Judge.

This is an action for damages for the alleged unlawful cutting of timber from certain lands located in Issaquena County, Mississippi. The appellant, who claims to be the owner of the land in question, filed suit against Anderson-Tully Company, and the latter answered the complaint, admitted that it had cut the timber, but alleged that the right to do so was acquired by it from J. C. Mahannah, trustee of Kelsey-Hayes Wheel Company. It then moved that Mahannah be brought in as a third party defendant, which was done. Mahannah admitted all of the allegations of the third party complaint, and filed a counter-claim against the appellant to have whatever claims of title she might hold declared to be void because he held a complete record title in himself. The appellant answered the cross-complaint, and admitted that record title was in Mahannah; but she claimed ownership by adverse possession. Upon a trial of the issue of title to the property, the court below found that the appellant had not acquired title to said property by adverse possession, and declared the title to be in Mahannah, trustee of Kelsey-Hayes Wheel Company.

The decision turned upon an issue of fact; the findings of the trial court were substantially as follows: The appellant did not acquire title by open, adverse, peaceable, notorious, and uninterruptedly continuous possession, for ten years as required by the Mississippi law. The fences claimed to have been erected by the appellant did not purport to make an enclosure of the land in question, were hidden from view, and were located within a thickly wooded area. As soon as the fences were discovered by the record owner, the latter destroyed them. The appellant had only an unrecorded lease from a grantor who had no color of title whatever. The appellant owned lands in Warren County, Mississippi, which adjoined the land in controversy, but no fence separated the two tracts. Cattle owned by the appellant occasionally grazed on the land in question. Appellant did not pay any taxes on the land at any time during which she claimed to own it, nor did she attempt to have it assessed to her as owner. She did have two deer camps on the property, but they lasted only two years. Neither camp was there continuously for ten years. During the lifetime of appellant's husband, he placed some posted signs on the property, but at such inconspicuous places as not to be noticeable unless one were going through the land. No signs were visible from the highway. The appellee paid all of the taxes on the property, and sold timber therefrom, and although the appellant knew of the sale and cutting of the timber, she made no objection to the same until the present suit.

The burden of proof was upon the appellant to establish her title by open, adverse, exclusive, peaceable, and uninterruptedly continuous possession of the property by occupany thereof for a period of ten years, under a claim of right. No continuance of occupation, no matter how long protracted, will avail unless accompanied by a claim of title; and every presumption of law, unless rebutted by evidence, is that the occupant holds in subordination, and not adversely, to the true owner. The pasturing of land without enclosure does not constitute adverse possession in Mississippi.

Davis v. Bowmar, 55 Miss. 671; Neal v. Newberger, 154 Miss. 691, 123 So. 861; Cook v. Mason, 160 Miss. 811, 134 So. 139.

██ The question here of adverse possession is a close one, and we are unable to say that the trial court's findings of fact were clearly erroneous. The failure to place a fence on the section line so as to make an enclosure of the land until the alleged ten years had expired, the failure to pay taxes on the land or to have it assessed to her, the lack of any color of title or claim of right, and the absence of facts ordinarily sufficient to put the true owner or the world on notice of an adverse claim of ownership, tend to support the finding that the possession of appellant was not openly adverse, uninterruptedly continuous, peaceable, and exclusive, against all the world, for the requisite ten years under the Mississippi law. Fair and impartial men might reasonably draw the same or a different inference from the evidence in this record. In such a case, Rule 52 (a) of the Federal Rules of Civil Procedure, 28 U.S.C.A., provides that findings of fact shall not be set aside.

██ Under that rule, as it plainly reads and has been interpreted by the courts, it is not for the appellate court to substitute its judgment on disputed issues of fact for that of the trial court where there is substantial credible evidence to support the finding. Sanders v. Leech, 5 Cir., 158 F.2d 486, at page 487; Note 5 under said rule 52(a), Title 28 U.S.C.A., page 19. In United States v. United States Gypsum Co., 333 U.S. 364, at page 395, 68 S.Ct. 525, 92 L.Ed. 746, the Supreme Court said that a finding is "clearly erroneous" when, although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.

██ What has been stated previously in this opinion, in certain essential particulars, does not apply to Lot 7, Section 30, Township 18, Range 3 East, Issaquena County, Mississippi. The court below made no particular findings of fact as to this lot, but evidently intended for its general findings to cover it. As to this lot, however, we have the additional question as to whether the court clearly erred in not holding appellant to be the owner in fee simple by reason of her adverse possession thereof for a period of two years. We think it did because, under Section 717 of the Mississippi Code of 1942, a person in possession of land under color of a tax-forfeited land patent acquires title thereto by the requisite exclusive adverse possession over a period of two years even though the tax deed be void. Carney v. Anderson, 214 Miss. 504, 58 So.2d 13, 59 So.2d 262, 38 A.L.R.2d 981; Henry v. Henderson, 216 Miss. 252, 62 So.2d 315. The completion of the required possession for two years extinguishes all right, title, and interest, of the former owner and vests in "the State, and its patentees, a fee simple title to such lands." Sec. 717, Code of 1942. The distinguishing features as to this lot are numerous, including payment of taxes thereon by appellant; actual knowledge by appellee that the Shepherds were in possession, claiming it as their own; and possession under a void instrument wherein the description is good, which affords color of title and extends possession of a part to the whole tract. Accordingly, we find that appellant has established her title to Lot 7 for the period of time required by said section 717 of the Mississippi Code of 1942.

The judgment appealed from is affirmed in part and reversed in part, and the cause remanded to the district court for further proceedings not inconsistent with this opinion.

Affirmed in part and reversed in part.