375 So.2d 1046 (1979)
Doris Clements COLE, Executrix of the Estate of Lona E. Clements, Deceased
v.
Robert H. BURLESON et ux.
No. 51475.
Supreme Court of Mississippi.
October 10, 1979.
*1047 Mitchell, McNutt, Bush, Lagrone & Sams, Thomas D. Murry, Tupelo, for appellant.
Russell & Russell, Frank A. Russell, Fulton, for appellees.
Before SMITH, LEE and BOWLING, JJ.
LEE, Justice, for the Court:
Lona E. Clements and Doris Cole filed suit in the Chancery Court of Itawamba County, August 31, 1977, seeking to enjoin Robert H. Burleson and Shirley A. Burleson, husband and wife, from trespassing upon certain property and to require them to place said property in its original condition. The Burlesons filed suit on November 5, 1977, against Clements and Cole to quiet and confirm their title to the lands involved. The cases were consolidated, and, after conclusion of all the evidence, the chancellor went upon, and inspected, the property with attorneys for all parties, subsequently rendered a decree dismissing the bill of complaint filed by Clements and Cole, held that the Burlesons were vested with title to the lands by adverse possession, and quieted and confirmed title in them. Clements and Cole appeal and assign the following errors in the trial:
(1) The trial court erred in determining that appellees established their title to the disputed 17.1 acres by adverse possession of a predecessor in title.
(2) The trial court erred in failing to find that appellants, under color of title coupled with actual possession of a part of the land described as well as by acts of ownership upon the disputed property, in the absence of conflicting actual possession of another for the statutory period, reacquired title to the subject property by adverse possession.
Appellees' deed described the land as follows:
"20 1/2 acres, more or less, in the Southeast 1/4 of Section 29, Township 7, Range 11 East, described as follows: Beginning in the hollow north of the Red Bay and Fulton road on the Mississippi and Alabama State line at an iron stake, thence in a southern direction following said hollow 126 rods to corner of land previously sold W.A. Bostick, thence West to quarter section line, thence south to south boundary line, of said 1/4 section; thence East along said line to Red Bay and Fulton road, thence northeast following said road to the State line, thence north along the State line to said iron stake, the said beginning point, being and situated in Itawamba County, Mississippi hereby intending to convey that parcel of land deeded by G.R. Robinson to Onis Howell and wife, Arvie Howell by instrument dated January 18, 1951 and recorded in Book 161 at page 414, Itawamba County Chancery Clerk's office."
The evidence is undisputed that the parties claim from a common source of title; that the appellees' deed called for 20 1/2 acres, more or less, in the SE-1/4 of Section 29, Township 7, Range 11 East; that only 3.8 acres of the deed description lay in the SE-1/4; that 17.1 acres involved in this suit were located in the SW-1/4; and that appellees' deed described no land in the SW-1/4. It is further undisputed that all predecessors in title of appellees acquired the land by the same description; that on April 3, 1929, J.F. Mink was deeded 20 1/2 acres under said description; that he built and maintained fences around the 20 1/2 acres, kept cattle thereon, and exercised possession over same until 1949; that on December 2, 1949, Mink's heirs conveyed said land to R.F. Robinson; and that on January 18, 1951, it was conveyed thence to Onis and Arvie Howell, thence to Arvie and Woodrow O. Howell February 17, 1955, thence to appellees November 16, 1972.
Onis Howell, grantee of J.F. Mink, claimed and used the 20 1/2 acres and knew of no other person who claimed same. He did not keep up the fence and conveyed same to his son and daughter-in-law in 1955. Since 1949, the fences around said land deteriorated to the point that only remnants of wire and "wire signs" in trees, and posts remained to indicate where the fence line had been. The land is rough, unimproved with no buildings thereon, and difficult to walk over. Appellees cut timber *1048 from said land (on one occasion appellants obtained the stumpage payments) and both appellees and appellants executed right-of-way easements to Texas Eastern Transmission Lines. After hearing the evidence and viewing the property, the chancellor found that J.F. Mink, who occupied the same from 1929 until 1949, exercised possession and ownership of said property for a period of twenty (20) years, that title ripened in him by adverse possession, and that appellees are vested with same through him and his successors in chain of title.
In Kayser v. Dixon, 309 So.2d 526 (Miss. 1975), the Court said:
"Property belonging to another may be (without color of title) acquired by occupancy which is actual, adverse, hostile, exclusive, peaceful, uninterrupted, and continuous, under claim of ownership, open, notorious, and visible for the statutory period of ten years. Berry v. Houston, 195 So.2d 515 (Miss. 1967); Southern Naval Stores Co. v. Price, 202 Miss. 116, 30 So.2d 505 (1947); Miss. Code Ann. § 15-1-13 (1972). A litigant relying upon adverse possession has the burden of proof and must establish occupation, either actual or constructive, and a claim of ownership. As a general rule, either actual or constructive occupation, cultivation or residence or use is necessary to constitute adverse possession. Cook v. Mason, 160 Miss. 811, 134 So. 139 (1931). However, such occupancy and use is not as rigidly or literally required in order to establish a claim of adverse possession for land which does not lend itself to permanent, useful improvement. Possession of such property may be established by a continued claim evidenced by public acts of ownership. Geoghegan v. Krauss, 228 Miss. 231, 87 So.2d 461 (1956); Broadus v. Hickman, 210 Miss. 885, 50 So.2d 717 (1951); McCaughn v. Young, 85 Miss. 277, 37 So. 839 (1904). As held in McCaughn, (though the land here may not be so `wild' as there), an important question is whether the person claiming adversely exercises toward the land `the same character of control' applied toward `property actually his and which he would not have exercised over property which did not belong to him.' We think the appellees exercised such control." 309 So.2d at 528-529.
The Court stated in Berry v. Houston, 195 So.2d 515 (Miss. 1967):
"The acquisition of title by adverse possession, as that phrase is used in real property law, contemplates a special kind of possession. It is the intendment of the law that title to real property belonging to another may never be acquired by mere possession, however long continued, which is surreptitious or secret, or which is not such as will give unmistakable notice of the nature of the occupant's claim. Such occupancy must not only be adverse, hostile, and exclusive as to others, but it must also be peaceful, uninterrupted, and continuous, under claim of ownership. In addition, the occupancy, under claim of ownership, must be actual, open, notorious, and visible. The corner posts, fences, and alley were sufficient to satisfy these latter requirements in this case, and, under the testimony in the record, warranted the chancellor in finding that the adverse occupancy of Mrs. Ellett and her mother had extended to the marked boundaries of the garden plot for the statutory period." 195 So.2d at 518.
It is not required that land claimed under adverse possession be in the same quarter section or section as the land described in the deed lies. The rule is the same as, if there had been no deed, the disputed land had been enclosed by a fence, and ownership had been claimed and exercised for ten (10) years. Title would ripen by adverse possession and it is not necessary that a fence, which formerly enclosed the land claimed for a period of ten years, or more, be standing or in existence at the time suit is filed. If a fence encloses the property for ten years, under a claim of adverse possession, title vests in the claimant and possessor, even though the fence was subsequently removed or fell into disrepair.
*1049 There was substantial evidence to support the finding of the chancellor. It was undisputed that J.F. Mink claimed the land by adverse possession and by maintaining fences around same for twenty (20) years. We hold that the chancellor was correct in finding that title ripened in J.F. Mink through adverse possession and that appellees, his successors in chain of title, now are vested with title to the property.
The contention of appellants that they have reacquired the land by adverse possession through color of title is without merit. Such a contention would, for practical purposes, amount to color of title in reverse. There is no evidence of actions and possession on the part of appellants which would constitute adverse possession. People's Realty and Development Corp. v. Sullivan, 336 So.2d 1304 (Miss. 1976).
The judgment of the lower court is affirmed.
AFFIRMED.
PATTERSON, C.J., SMITH and ROBERTSON, P. JJ., and SUGG, WALKER, BROOM, BOWLING and COFER, JJ., concur.