KING, P.J.,
for the Court:
¶ 1. In a boundary dispute case, the appellant, Leonard P. Murray, sought to have the appellees, Gloria J. McRae (“McRae”), Robert T. West, Sr., Robert T. West, Jr. and Patricia Box (“the Wests”) permanently enjoined from interfering *1010 with his right to use and enjoy land of which he claimed to be the record title owner. The appellees answered his complaint and countersued for an adjudication that title to portions of Murray’s land had been acquired through adverse possession for the statutory period. Following trial of the matter, the chancellor dismissed Murray’s complaint and found that the appel-lees had adversely possessed the disputed land. Aggrieved by this decision, Murray argues that the chancellor erred in finding that the appellees successfully established their claim of adverse possession. Finding this issue to be without merit, this Court affirms.
FACTS
¶ 2. This lawsuit concerns the boundary location between adjacent lands located in Wayne County and owned by Murray and the appellees. In 1964 or 1965, the appel-lees’s predecessor in title erected a fence along the boundary of the adjacent properties. This fence served as a boundary for the adjoining lands up until the time of the instant lawsuit.
¶ 3. Leonard Murray testified that there had been an ongoing dispute over the location of the fence “since the early ’60s.” He further testified that each time he had survey markers laid, they were removed.
¶ 4. Nelda Jenkins Murray, the appellant’s wife, testified that the parties had been in dispute about the location of the boundary for at least thirty-five years.
¶ 5. McRae testified that after her father erected the fence in 1964 or 1965, there had not been a dispute between the parties until 1992.
¶ 6. Robert West,- Jr. testified that he had no knowledge of a boundary dispute until around 1991 or 1992.
¶ 7. The chancellor found that clear and convincing evidence supported the appel-lees’ claim of adverse possession of Murray’s land.
STANDARD OF REVIEW
¶ 8. In our review of questions of fact, this Court will not disturb a chancellor’s findings so long as those findings are supported by substantial evidence and are not manifestly wrong, clearly erroneous, or the product of a misapplication of the law. Anderson v. Anderson, 692 So.2d 65, 69 (Miss.1997).
DISCUSSION
¶ 9. Murray contends that the boundary between the parties’ lands has been in dispute since the early 1960’s and thus, no adverse possession could have been established by the appellees. The trial court found that appellees showed by clear and convincing evidence that they adversely possessed portions of Murray’s land.
¶ 10. Mississippi’s adverse possession statute, codified as Miss.Code Ann. § 15-1-13 (Rev.1995), reads in pertinent part as follows:
(1) Ten (10) years’ actual adverse possession by any person claiming to be the owner for that time of any land, uninterruptedly continued for ten (10) years by occupancy, descent, conveyance, or otherwise, in whatever way such occupancy may have commenced or continued, shall vest in every actual occupant or possessor of such land a full and complete title, saving to persons under the disability of minority or unsoundness of mind the right to sue within ten (10) years after the removal of such disability, as provided in Section 15-1-7. However, the saving in favor of persons under disability of unsoundness of mind shall never extend longer than thirty-one (31) years.
¶ 11. To establish a claim of adverse possession, the proponent must show by clear and convincing evidence that said possession was (1) under claim of ownership; (2) actual or hostile; (3) open, notorious, and visible; (4) continuous and uninterrupted for a period of ten years; (5) exclusive; and (6) peaceful. Rice v. Pritchard, 611 So.2d 869, 871 (Miss.1992).
*1011 ¶ 12. In applying the Rice six prong test to the instant case, this Court finds as follows:
(1) That McRae caused Murray to be arrested for trespassing on the disputed land. Additionally, after one of his agents destroyed the fence which was erected by McRae’s predecessor in title, Murray had it replaced;
(2) That McRae and her predecessor in title raised cattle on and maintained the disputed land;
(3) That McRae’s predecessor in title erected and maintained a fence at the site of the disputed boundary in 1964 or 1965;
(4) That McRae and the Wests have held the disputed land in continual, uninterrupted possession since the fence was erected on the property in 1964 or 1965;
(5) That McRae and the Wests have held the disputed land in their exclusive possession; and,
(6) That McRae and the Wests enjoyed peaceful possession of the land until approximately 1992.
¶ 13. It is clear that the presence of a fence on Murray’s property for a period of over forty years was an indicium of possession. “We have held that fences satisfy the requirements of ‘actual, open, notorious, and visible’ occupancy in adverse possession cases.” Cole v. Burleson, 375 So.2d 1046, 1048 (Miss.1979); see also Snowden & McSweeny Co. v. Hanley, 195 Miss. 682, 686, 16 So.2d 24, 25 (1943) (“ ‘[T]he question in [adverse possession cases] is whether the inelosure, like other acts of possession, is sufficient to fly the flag over the land and put the true owner upon notice that his land is held under an adverse cláim of ownership.’ ”).
¶ 14. It appears that Murray’s predecessors in title did not take the appropriate steps to protect their land from being adversely possessed. We are reminded that it is for this exact reason that our legislature enacted the adverse possession statute. Clanton v. Hathorn, 600 So.2d. 963, 966 (Miss.1992).We, therefore, find that the chancellor was not in error.
¶ 15. THE JUDGMENT OF THE WAYNE COUNTY CHANCERY COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
McMILLIN, C.J., SOUTHWICK, P.J., BRIDGES, COLEMAN, DIAZ, IRVING, LEE, PAYNE, AND THOMAS, JJ„ CONCUR.