SOUTHWICK, P.J.,
for the Court:
¶ 1. The chancellor promptly and thoroughly responded to our remand that sought additional findings of fact with regard to adverse possession. In his order, dated February 10, 2000, he found that the Stewarts failed to prove their defense of adverse possession by clear and convincing evidence. We find no error and affirm the original judgment in all respects.
FACTS
¶ 2. In November, 1997 Ben and Silva Graber brought suit in the Chancery Court of Lowndes County to remove a cloud from title to real property. They claimed that an old fence approximated the correct property line between their property and that of the Stewarts. They sought to have the Stewarts remove a newer fence that they erected that the Grabers claimed was on their property.
¶ 3. In their answer, the Stewarts did not assert an affirmative defense of adverse possession. At trial, the Stewarts presented some evidence of their use of the contested property for a vegetable garden and to enclose cattle. In closing argument, the Stewarts’s attorney argued adverse possession. The Grabers did not object to adverse possession as a basis for evidence or argument.
¶ 4. The chancellor ruled for the Gra-bers, finding that the old fence line approximated the correct property line. The Stewarts were ordered to remove their newer fence or forfeit the materials in it. The Stewarts appealed. On December 14, 1999, we affirmed the chancellor on issues other than adverse possession. In addition, we found that the issue of adverse possession was tried by consent, but that the chancellor had not made explicit findings on the issue. Therefore, we remanded so that the chancellor could prepare supplemental findings regarding adverse possession.
¶ 5. The chancellor did so, and the parties submitted supplemental briefs.
DISCUSSION
¶ 6. We will not disturb the findings of a chancellor unless they are clearly erroneous or an erroneous legal standard was applied. Mercier v. Mercier, 717 So.2d 304, 306 (Miss.1998). The issue of adverse possession has now been dealt with in supplemental findings and are subject to this same level of deferential review.
¶ 7. The chancellor found during remand that the Stewarts failed to prove by clear and convincing evidence the six elements necessary for adverse possession to exist. Possession must be (1) under claim of ownership; (2) actual or hostile; (3) open, notorious, and visible; (4) continuous and uninterrupted for a period of ten years; (5) exclusive; and (6) peaceful. Stallings v. Bailey, 558 So.2d 858, 860 (Miss.1990).
¶ 8. Several acts of possession were alleged that would have put the record title owner of notice of the adverse claim. The Stewarts claimed that they used the contested area to enclose livestock. The chancellor found that the Stewarts did not carry the burden of proof that there was ever such an enclosure. Even if livestock were permitted to graze on this area, occasional pasturing of stock on another’s property without an enclosure is not adverse possession. Cook v. Mason, 160 Miss. 811, 814, 134 So. 139 (1931).
¶ 9. The chancellor also found that, although the Stewarts may at times have cultivated a garden on part of the contested strip of land, they did not prove that the garden existed continuously or even adequately prove which part of the strip of land it occupied. The trial court found that the original old fence that was the boundary line ran to the road right of way, preventing a garden from being cultivated on the spot claimed by the Stewarts until the part of the original fence nearest the road was recently removed. At most, the chancellor found sporadic use by the Stew- *870 arts of the Grabers’s property over the years as a garden.
¶ 10. Testimony was introduced at trial that on one occasion, Mrs. Graber was cutting grass on her land near the boundary line when Mr. Stewart told her she was trespassing. There was also some testimony that Stewart perhaps twice cut hay off the property. The chancellor found that none of this testimony proved a continuous and exclusive use of the land by the Stewarts.
¶ 11. The ultimate finding of the chancellor was that the Stewarts failed to carry their burden of proof on the elements of adverse possession. We find no error.
¶ 12. THE JUDGMENT OF THE CHANCERY COURT OF LOWNDES COUNTY IS AFFIRMED. COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANTS.
McMILLIN, C.J., KING, P.J., BRIDGES, IRVING, LEE, MOORE, PAYNE, AND THOMAS, JJ., CONCUR.