# Streit *v.* Wilkerson, *et al.*

*Trespass Quare Clausum Fregit.*

(Decided April 23, 1914. 65 South. 164.)

1. *Evidence; Hearsay.*—Where the action was by the assignee of a lease against a lessor, statements made by the assignor concerning the lease to the assignee were hearsay, and not binding on the lessor.

2. *Landlord and Tenant; Eviction; Assignee; Evidence.*—Where the action was trespass quare clausum fregit by an assignee against the lessor, the lessor was properly permitted to ask the assignee upon cross-examination from whom he had previously rented the land, and for how long, and what he paid for the lease, such matter being relevant to the issues.

3. *Principal and Agent; Revocation of Agency; Death.*—Where the lease was signed by the lessor before her death, but was not signed by the lessee nor delivered in the lifetime of the lessor, being in the hands of her agent for purpose of delivery at the time of her death, it could not be delivered by the agent after her death since the death revoked the agency.

4. *Appeal and Error; Harmless Error; Evidence.*—The erroneous exclusion of evidence is rendered harmless where it was subsequently admitted.

APPEAL from Colbert Circuit Court.

Heard before Hon. C. P. ALMON.

Action by C. Streit against Luvenia Wilkerson in trespass quare clausum fregit. Judgment for defendant and plaintiff appeals. Affirmed.

JAMES JACKSON, for appellant. The contract had been altered by the parties which they could legally do, and the court erred in admitting the contract for one year.—88 Ala. 367; 99 Ala. 620; 58 Ala. 296; 61 Ala. 312; 54 Ala. 122; 66 Ala. 548; 146 Ala. 568. Wilkerson is estopped to deny the validity of the instrument because not subscribed by the other party.—69 Ala. 354; 82 Ala. 425; 100 Ala. 430. Appellees are in no position to set up the statute of frauds.—*Cooper v. Hornsby,* 71

Ala. 52; *Shakespeare v. Alba,* 76 Ala. 351; *Bain v. Wells,* 107 Ala. 562.

ANDREWS & PEACH, and KIRK, CARMICHAEL & RATHER, for appellee. What the lessee told the sublessee concerning the lease was not binding on the lessor and was hearsay.—*Brooklyn L. I. Co. v. Bedsole,* 52 Ala. 558. The measure of damages is governed by the condition and circumstances of each particular case.—*Abercrombie v. Windham,* 127 Ala. 179. The lease attempted to be set up would be absolutely void under subd. 5, § 4289, Code 1907. The death of the principal revokes the agency, and hence, the contract was not properly delivered, and could not be binding because not made or delivered until after the death of the lessor.

MAYFIELD, J.—The action is trespass quare clausum fregit, and was instituted by appellant against appellees. The trial resulted in verdict and judgment for appellees. The plaintiff below (appellant here) claims right of possession by virtue of a lease executed by appellees' testatrix, Mrs. Louise Wilkerson, during her lifetime, to one J. M. Wharton, who assigned or subleased to plaintiff. It was undisputed that testatrix executed such a lease to J. M. Wharton for one year, and that plaintiff was put in possession thereunder, and held for one year and paid the rent therefor. Plaintiff contended in the court below, and insists here, that defendants' testatrix executed another lease to Wharton, of the same land, for two years, and that he was in possession under this lease when ejected, and that defendants therefore wrongfully entered.

The following statement of facts will tend to illustrate the case made by the record: Louise Wilkerson, who was the mother of Ludenia Wilkerson, Emma Bass, and

Eleanor Parker, owned the tract of land alleged to have been trespassed upon, during her lifetime. Hartwell C. King was agent for Mrs. Louise Wilkerson, and was afterwards executor under her will. On the 13th day of December, 1910, Louise Wilkerson leased the land in question to J. M. Wharton for a term of one year. The contract of lease was drawn up by attorneys for Mrs. Wilkerson, and was in the form of a contract between party of the first part, lessor, and party of the second part, lessee, each agreeing to certain stipulations and requirements, and the contract was duly executed by both parties and delivered to J. M. Wharton. A few days afterwards H. C. King drew another lease for a term of two years, and Mrs. Wilkerson signed the same; but it was never signed by J. M. Wharton, the party of the second part, and, from the testimony, was never delivered to him. After the execution of this lease, Mrs. Wilkerson died. J. M. Wharton sold, or attempted to sell, his rights under the lease to C. Streit, appellant in this case. C. Streit was already in possession of the land, having leased it from another lessee under Mrs. Wilkerson, who had it for a term of years prior to the year 1911. Streit cultivated the place during the year 1911, and paid rent to H. C. King, executor of the estate of Louise Wilkerson, deceased. In January, 1912, Taylor Bass and W. P. Parker, two of the appellees, husbands of two of the heirs of Louise Wilkerson, deceased, took possession of the land in question under the belief that the land had been leased for but one year, and that they had the right to possession of it as heirs after the termination of the lease. Streit contended that he had a two-year lease, and brought this suit for damages for trespass by the appellees.

There was no error in the court's declining to allow the plaintiff to testify as to what J. M. Wharton told

[Streit v. Wilkerson, et al.]

him relative to the making of the lease in question. It was hearsay, and was not binding on the defendants, nor on their testatrix, the lessor. Such evidence is not admissible.—*Insurance Co. v. Bledsoe*, 52 Ala. 538.

There was no error in the court's allowing defendants' counsel, on cross-examination of plaintiff, to inquire of him from whom he had previously rented the lands in question, and for how long, and what he paid for the lease. The questions objected to each called for testimony relevant and competent to the issue. Some of such evidence tended to show the amount of damages recoverable, if any; and the defendants certainly had the right to so cross-examine the plaintiff, who was a witness for himself.

If there was any error in declining to allow the plaintiff to prove, by the witness King, that plaintiff claimed to hold under the two-year lease, and that he paid one year's rent under such contract, it was without injury, because the witness further testified to this effect, so far as the evidence was competent.

While the evidence shows that the testatrix did sign the lease to Wharton for two years, it was fairly shown that Wharton never signed it, that it was never delivered by the testatrix to Wharton, or to any one for him during the lifetime of testatrix, and that this two-year lease was therefore never validly executed. The agent, King, was not shown to have had any authority to deliver the lease to Wharton after the death of testatrix. The death of the principal certainly terminated the agency; and King was not shown to have had the power or authority to bind the devisees by a delivery after the death of testatrix.

Wharton did not, therefore, acquire title or right to possession for two years, by virtue of this lease; and, of course, he could not transfer to plaintiff, or to plain-

tiff's tenants, that which he did not possess, there being no question of estoppel, nor of bona fide purchaser for value without notice.

The plaintiff was not himself in possession when defendants entered upon their own land. The best that can be said for the plaintiff, on this subject, was that plaintiff's tenants were caused to quit the possession by the defendants. It being shown that the defendants were the owners of the land, and the plaintiff showing no right to the possession at the time the owners entered he could not recover in this action of trespass quare clausum fregit.

The trial court, therefore, properly gave the affirmative charge for the defendants.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and GARDNER, JJ., concur.