SOUTHERN NAVAL STORES CO., LIMITED, *v.* PRICE *et ux.*

(In Banc. May 19, 1947. Suggestion of Error Overruled Nov. 10, 1947.)

[30 So. (2d) 505. No. 36317.]

On Suggestion of Error.

(In Banc.   Nov. 10, 1947.)

[32 So. (2d) 575.   No. 36317.]

**Charles C. Hairston** and **Henry Mounger**, both of Columbia, and **Patterson & Patterson**, of Monticello, for appellant.

118

**Hall & Hall, Philip Singley** and **Bernard Callender,** all
of Columbia, and **C. E. Gibson,** of Monticello, for appel-
lees.

Hall & Hall, **Philip Singley** and **Bernard Callendar**, all of Columbia, and **C. E. Gibson,** of Monticello, for appellees, on suggestion of error.

Argued orally by **Charles C. Hairston**, for appellant, and by **Lee D. Hall**, for appellee.

**Roberds, J.**, delivered the opinion of the court.

Felix H. Price has the record title to 50 acres of land located in Section 30, Township 5 N., Range 11 E., in Lawrence County, Mississippi. Appellant has the record title to lands lying immediately west and south of, and adjoining, the Price land. The west line, north and south, of the Price land is the east line of appellant's land; and the south line, east and west, of the Price land is the north line of appellant's land. Price claims, how-

ever, he is the owner, by ten years adverse possession, of certain land lying west of his west line and south of his south line, and which claimed land is within the calls of appellant's deed. Appellant filed a bill to cancel and remove, as a cloud upon its title, Price's claim. Price, by answer, admitted that appellant held the record title to the disputed land; but, by cross-bill, asserted title thereto in himself by adverse possession. Therefore, the burden was upon Price to show that he was vested with title by adverse possession to the disputed area. To do that, under Section 711, Code 1942, it was necessary for him to show that he alone, or he and his predecessors in title together, had had the actual, open, hostile, peaceable, exclusive, continuous possession of the land for ten years, under claim of ownership thereto. McCaughn v. Young, 85 Miss. 277, 37 So. 839. This Price failed to do. Price got the record title to his land under a deed from the Federal Land Bank, dated December 16, 1937. The deed described the land by governmental subdivisions. It did not include the land in dispute. The Land Bank bought the land in 1935 at foreclosure under a deed of trust executed to it by Joe L. Price a number of years prior to the foreclosure, which also described the land by subdivisions and did not include the land in question. While there is proof which would support the finding of the Chancellor that Felix Price, since he obtained the deed from the Land Bank, has exercised over the disputed land the necessary acts to acquire title by adverse possession, there is no proof whatever that the Land Bank, during its period of ownership, ever exercised such acts, or claimed to be the owner of the land in dispute. It is true Price testified that during the period of ownership of the Bank he was its tenant, and that he cultivated some of the land in question; but there is no evidence that the Bank knew this, or that the Bank ever took charge of the disputed land or made any claim thereto, or that the Bank intended to purchase or convey any land except that described in the deed to, and from,

it, or that it thought it was so doing. The boundaries between the lands of appellant and appellee, according to all of the conveyances, are straight lines, by governmental subdivisions. The boundary line of the disputed land is very irregular, following the meanderings and windings of an old fence and an old road, or what remains of them. No person could think the descriptions in the conveyances to the Price land could possibly include the land in question. Therefore, any claim of title thereto by adverse possession must needs be based upon a conscious, affirmative intent to claim ownership thereto, and exercise the required acts of ownership thereover, and acquire title solely by that method. There is no proof the Bank did that. The bill was filed in this cause January 22, 1944, which of course stopped the running of the statute of limitations as against Price. He had then owned his land a little over six years. It was necessary that he show that the Bank, as well as Joe L. Price, claimed to be the owner of the land in question, and exercised over it the acts necessary to vest title by adverse possession, for sufficient time to make up the remainder of the ten years. This he failed to do as to the Land Bank.

Reversed and decree here for appellant.

CONCURRING OPINION.

**Griffith, J.,** delivered a concurring opinion.

The evidence tends to show that Joe L. Price, the father of Felix, had acquired title to the small parcels of land here in controversy by adverse possession prior to the time he executed his trust deed to the Federal Land Bank, and that had Joe L. Price been made a party to this suit, the bill by the Naval Stores Company could not have been maintained as to the strip of land and the lower ten acres, adjoining the land actually covered in the Land Bank deed of trust. The trouble with the as-

sertion of title by Felix is that he did not have a deed from his father, but as his father was not a party, the decree ordered by us here does not affect the title of the father, or any conveyance he may now or hereafter make of it, and for that reason I concur in the disposition which we have made of the present appeal.

## On Suggestion of Error.

**McGehee, J.,** delivered the opinion of the court on suggestion of error.

It is contended on the suggestion of error herein that the Court should not have reversed the case and rendered a decree here for the appellant for the reason that the proof disclosed that a third party, Joe Price, is not a party to the suit, and was shown by the evidence upon the trial to have acquired a good and perfect title against the appellant by 10 years adverse possession under Section 711, Code 1942. But, the reversal of the case was ordered on the ground that the appellant, The Southern Naval Stores Co., Ltd., was entitled to cancel and remove, as a cloud upon its title, the claim of the appellees Felix Price, et ux., which they asserted under the said 10-year Statute of Limitations. The Court adheres to its former opinion in holding that the said appellees had not acquired title by adverse possession, and that the record title was vested in the said appellant, and we make this response to the suggestion of error only for the purpose of saying that it was not intended by the former opinion that any rights that Joe Price may have in the land should be prejudiced thereby. Moreover, any judgment rendered here adjudging the appellant to be the owner of the land could not be binding as against any claim of Joe Price to the land since the latter is not a party to the lawsuit. It follows, therefore, that the suggestion of error should be, and the same is hereby, overruled.

Suggestion of error overruled.