Taranto, et ux. *v.* Peoples Bank of Biloxi

No. 42106        January 8, 1962        136 So. 2d 213

*Howard A. McDonnell,* Biloxi; *Morse & Morse,* Gulfport, for appellants.

*Knox White,* Gulfport, for appellee.

LEE, P. J.

Peoples Bank of Biloxi, a corporation, in its bill against Joseph S. Taranto and wife, Majorie, to cancel certain claims of the defendants to the property alleged to be owned by it, set out a deraignment of title to the property in question. It was shown that the Bank, on January 2, 1933, purchased the parcel of land, consisting of a frontage of 122 feet and a depth of 82 feet, as described therein; that, on August 9, 1938, the Bank sold to Mrs. Salvador Taranto a part of this property, namely, a frontage of 62½ feet with a depth of 82 feet, as also therein described; and it charged that the defendants were asserting some kind of claim to the south seventeen feet of its property, and sought to have such claim canceled and the grant of other relief.

The answer of the defendants admitted the correctness of the deraignment and their claim to the land in question. They made their answer a cross bill and charged that they had acquired title to the strip of land by adverse possession. They prayed for the confirmation of their title as against the complainant. In its answer to the cross bill, the Bank denied all of the material allegations therein set out.

At the conclusion of the evidence, in an oral opinion taken down and reduced to writing by the court reporter, the chancellor held that the evidence of adverse possession was insufficient to acquire title; that the cross bill of the defendants should be dismissed; that the claims of the defendants to the land should be cancelled and annulled; and that the title of the Bank should be quieted and confirmed as against the defendants.

From the decree in conformity with the opinion, which also awarded certain other relief, the defendants appealed. They contend here that the chancellor was manifestly wrong in the result which he reached.

Joe Taranto testified that he moved on the place with his mother after she had purchased it; that they

exercised many acts of adverse possession thereover; and that they were claiming the property at the time as their own. His wife corroborated him relative to the use of the property. A large number of witnesses likewise testified about seeing chairs on the property and also acts of the Tarantos in their use which was calculated to cause others to believe that the land belonged to the Tarantos. It is unnecessary to enumerate the various acts which they detailed.

On the other hand, the evidence for the appellee was to this effect: When Joe's mother purchased the property, the line was pointed out to her. Between the years 1947 and 1950, Joe tried to purchase the Bank's lot. It was not until during the year 1955, after Joe's mother had deeded the lot to him on April 30, 1954, that he erected the building and carport. After the Bank had the lot surveyed and found that the two buildings were on it, Joe inquired if the Bank would sell the property. At no time during these negotiations did he claim that either he or his mother had acquired title to the land by reason of adverse possession or otherwise. When the Bank refused to sell, Joe manifested an interest in leasing, although he never did actually consummate the deal. He admitted, on cross-examination, that he asked permission of the Bank's representative to buy the property, if it belonged to the Bank. Besides it was shown that the Bank's tenant, during the past ten years, used the property as he desired, without restraint from the defendants. In other words, there was no continuous adverse possession or use for ten years or more.

██ ██ Of course the burden of proof was upon the defendants to establish their title by adverse possession. In the case of Ball v. Martin, 217 Miss. 221, 63 So. 2d 833, a number of cases were collated on this very question. ██ ██ It had been pointed out in those cases that, in a case such as this one, it is necessary that the claimant must have had the intention to appropriate and use the

land as his own to the exclusion of all others. See 1 Am. Jur., Adverse Possession, Sec. 185, p. 894; Adams v. Guice, 30 Miss. 397; Magee v. Magee, 37 Miss. 138; Alexander v. Polk, 39 Miss. 737; Davis v. Bowmar, 55 Miss. 671; McCaughn v. Young, 85 Miss. 277, 37 So. 839; Neal v. Newburger, 154 Miss. 691, 123 So. 861; Southern Naval Stores Co., Ltd. v. Price, 202 Miss. 116, 30 So. 2d 505; Grantham, et ux v. Masonite Corporation, 218 Miss. 745, 67 So. 2d 727. ██ █ Joe's conduct, under the circumstances, left entirely too much doubt about his claim of adverse possession. To say the least of it, his acts prior to the erection of the building and carport, could hardly be construed as sufficient to wave the flag of adverse possession.

The appellants undertake to construe the language of the chancellor's opinion in such a way as to uphold their claim of manifest error on his part. Obviously. they are in error in this respect. That language was directed to the proposition that Joe had not satisfied the court as to the sufficiency of his claim of adverse possession. The cause must therefore be affirmed.

Affirmed.

*Kyle, Arrington, McElroy* and *Rodgers, JJ.,* concur.