PATTERSON, Justice:
Homer Grice and his wife appeal from a decree of the Chancery Court of Montgomery County. There they sought to remove the claim of Frank Brewer and his wife to certain property as a cloud upon their title. The appellants’ bill of complaint was dismissed and the claim of the appellees/cross-appellants was sustained on the theory of adverse possession.
*512 The appellants’ title is based on a 1941 deed and that of the appellees, a 1962 deed. The descriptions in these instruments show the eastern boundary of the appellants’ property to be the western boundary of the appellees’ property. The disputed area lies immediately west of the boundary line common to the deeds and is within the calls of the appellants’ deed. The appellants seek to cancel the adverse claim of appellees to the area and conversely, the appellees seek confirmation of title by adverse possession.
The issue presented on appeal is whether the evidence supports the finding of the trial court that title vested in the appellees by adverse possession.
Approximately one year before this suit was filed a dispute between Grice and Brewer arose as to the location of their common property line. The Grices claim through their 1941 deed and continuous and peaceful use of the litigated area until the dispute. The Brewers’ title is based upon their 1962 deed plus adverse possession which began, according to their testimony, at the time the deed was acquired. Brewer admits the litigated area is not within the calls of their deed, but nevertheless claims title to the area since it was pointed out to him by his grantor as being part of the land conveyed.
The evidence adduced depicts at best a scrambling possession between the parties from 1962 to the present. There is some evidence from long-time residents of the area that in the past the western line of the disputed area was thought to be the western boundary of the Brewers’ property.
The chancellor found that record title to the disputed property was lodged in the appellants. He further found the possession of the parties since 1962 to be scrambling and inadequate to vest title in either by adverse possession. He then found that title had vested in the Brewers’ predecessors in title by adverse possession and thereby vested in Brewer and his wife through their grantor.
We conclude that the chancellor correctly determined that the record title was vested in the appellants and that the Brewers had not secured title to the area through their adverse possession. However, we think that he erred in concluding that title was in the Brewers because of the ripened adverse possession of their grantor and his predecessors in title.
The western line in the conveyance to the Brewers coincided with the eastern line in the conveyance to the Grices. The Brewers’ deed contained a metes and bounds description which did not include the area in litigation nor did it contain a coverall (Mother Hubbard) clause to include small areas omitted by inadvertence from the specific description. It is therefore apparent that the Brewers did not receive title to the disputed area by deed.
The. chancellor found, and we think properly so, that the Brewers had not received the title by adverse possession. Since this is true and there being no other claim of ownership by them, we conclude they are without title and that the record title of the appellants is paramount to the appellees’ claim. We are of the opinion, therefore, that the trial court erred in not cancelling the claim of the Brewers to the disputed area. Southern Naval Stores Co. v. Price, 202 Miss. 116, 30 So.2d 505, 32 So.2d 575 (1947).
The decree of the trial court is reversed and the claim of Brewer and his wife is cancelled as a cloud upon the title of Grice and his wife.
Reversed and rendered.
RODGERS, P. J., and INZER, SMITH and SUGG, JJ., concur.