These cases were consolidated on appeal. At issue is the validity of a "cover-all" or "Mother Hubbard" clause in a standard producer's 88, oil, gas, and mineral lease, and whether it is ambiguous.
The facts are as follows: Co-appellant H.P. Cain acquired Lot 16 of the Grand Bay Land Company Subdivision on August 14, 1946. In December of 1974, Cain leased the south half of Lot 16 to E.L. Dunn. In January of 1975, Cain leased the north half of Lot 16 to appellee J.B. Johnston, Jr. This lease contained the following Mother Hubbard clause:
 "This lease also covers and includes, in addition to that above described, all land, if any, contiguous or adjacent to or adjoining the land above described and (a) owned or claimed by Lessor by limitation, prescription, possession, reversion, or unrecorded instrument or (b) as to which Lessor has a preference right of acquisition."
At the time Cain leased to Johnston, Cain claimed by adversepossession a one-acre strip of land adjoining the five acres leased to Johnston. This strip of land is the subject of the present litigation.
In July of 1975, Cain filed a bill to quiet title to Lot 16 together with the one-acre strip of land described above. After the decree quieting title had been granted, Cain leased the subject one-acre strip of land for $10,000 to one Bethea, who then assigned it to co-appellants Whitehead. Johnston filed suit in the Circuit Court of Mobile County to enforce his claim to the one-acre tract by virtue of the Mother Hubbard clause. Thereafter, Johnston filed a motion for summary judgment. Bethea and the Whiteheads counterclaimed, alleging disparagement of title and unlawful interference with a business expectancy. The trial court granted Johnston's motion for summary judgment and dismissed the counterclaims. The Whiteheads and Cain appeal here.
This is a question of first impression in Alabama. Although we find no Alabama cases construing a Mother Hubbard clause such as the one presented here, other jurisdictions have given effect to such clauses. See, e.g., Luthi v. Evans,223 Kan. 622, 576 P.2d 1064, 1067 (1978); Grice v. Brewer, 302 So.2d 511
(Miss. 1974); Sun Oil Co. v. Bennett, 125 Tex. 540,84 S.W.2d 447 (1935).
Mother Hubbard clauses, also referred to as "cover-all," "catch-all," or "all-inclusive" clauses, E. Kuntz, Law of Oil Gas, § 22.3 (b) (1964), originated in oil and gas leases and mineral and royalty deeds so that an interest intended to be conveyed *Page 242 
would be transferred even if the specific description used in the instrument omitted a particular portion thereof. H. Williams and C. Meyers, Oil and Gas Law § 221.3 (3rd rev. 1984). In addition, public policy discourages the separate ownership of narrow strips of land. 38 Am.Jur.2d Gas and Oil § 83 (1968). Based on the foregoing, when there is excess acreage or a small strip of land adjoining the interest conveyed, but that small strip is not included within the particular description, and a question arises regarding whether the excess or omitted land passes under the instrument, "courts have not experienced much difficulty in [finding an] intent [to convey the small strip of land or omitted acreage] as evidenced by the cover-all clauses." H. Williams and C. Meyers, supra, at 302. In Texas Co. v. Newton Naval Stores Co., 223 Miss. 468,78 So.2d 751, 4 O. G.R. 609, 49 A.L.R.2d 1182 (1955), the dissenting Justice recognized the purpose of Mother Hubbard clauses as follows:
 "Courts have not looked with much favor on [Mother Hubbard] clause[s] in leases. It would serve no purpose to discuss that clause [however] except to say that it should be given some effect. I think the correct application of that clause is to cure minor defects in descriptions and to close up gaps, wedges and omitted strips."
78 So.2d 751, 754 (Gillespie, J., dissenting).
Relying on Smith v. Allison, 157 Tex. 220, 301 S.W.2d 608
(1956), Whitehead and Cain contend that the lease involved here contains a latent ambiguity because it specifically describes five acres by government calls and also contains a Mother Hubbard clause which, if literally construed, would include the one-acre strip of land. Because they say there is an ambiguity, they contend that parol evidence should have been allowed to ascertain the intent of the parties. We disagree.
The Smith case, in which the Court found that the deed was ambiguous, is distinguishable from the case at hand because inSmith the tract of land sought to be included pursuant to the Mother Hubbard clause was substantially larger than the area included within the particular description. Thus, in Smith, the court found the deed was ambiguous, because inclusion of the land would thwart the purpose of the clause and the parties' intent. That is to say that the clause was intended to apply only to small tracts of land adjacent to specifically described land, but inadvertently omitted, or small tracts of land which were said to constitute a part of the described tracts.
In the case at hand, the lease clearly and in unambiguous terms applies to the land in question even though the strip is not specifically described. The Mother Hubbard clause in this lease includes land only if two conditions are met: (1) The land must be "contiguous or adjacent to or adjoining the land [specifically] described," and (2) the land must be claimed by the lessor "by limitation, prescription, possession, reversion, or unrecorded instrument." Both of these conditions were met here: (1) The strip of land in question adjoins the land specifically described, and (2) at the time Cain executed the lease, he claimed ownership of the strip by adverse possession.
Furthermore, the lease provides for the inclusion of the land, even if not specifically described, because the lease indicates that the designation of "5 acres" was for the purpose of calculating the consideration or "bonus" paid for the lease. The sentence immediately following the Mother Hubbard clause in the lease is as follows:
 "For the purpose of determining the amount of any bonus or other payment hereunder, said land shall be deemed to contain 5 acres, whether actually containing more or less, and the above recital of acreage in any tract shall be deemed to be the true acreage thereof."
(Emphasis supplied.)
The phrase "more or less" qualifies the actual number of acres specifically described. *Page 243 
When parties enter a written contract, the writing is the sole expositor of the intention of the parties and the transaction. Gunnels v. Jimmerson, 331 So.2d 247 (Ala. 1976). Parol evidence cannot be introduced to explain, contradict, vary, add to, or subtract from its terms unless there is a mistake, fraud, or ambiguity. Collier v. Brown, 285 Ala. 40,228 So.2d 800 (1969).
Based on the facts presented, we find no ambiguity in the provisions of the lease; neither is there any evidence of mistake or fraud in the transaction. Whether a lease is ambiguous is a question of law; consequently, the trial court properly prohibited the introduction of parol evidence to contradict or vary the terms of the lease. We need not decide when and under what circumstances a lease will be deemed ambiguous when the lease or deed contains a specific description of land and a Mother Hubbard clause. We only hold that under the present facts there is no ambiguity, as a matter of law.
Rule 56, Ala.R.Civ.P., sets forth the two-part standard for granting summary judgment. That rule requires the trial court to determine: (1) that there is no genuine issue of material fact and, (2) that the moving party is entitled to judgment as a matter of law. This rule must be read in conjunction with the scintilla rule so that summary judgment will not be granted if there is a scintilla of evidence supporting the position of the opposing party. Silk v. Merrill Lynch, Pierce, Fenner Smith,Inc., 437 So.2d 112, 114 (Ala. 1983).
Because we find no ambiguity in the provisions of the written lease, and because the two conditions of the Mother Hubbard clause were met, there is no genuine issue as to any material fact. Consequently, the summary judgment in favor of Johnston, with its dismissal of the counterclaims, is due to be, and is hereby, affirmed.
AFFIRMED.
TORBERT, C.J., and SHORES, EMBRY, BEATTY and ADAMS, JJ., concur.
FAULKNER, JONES and ALMON, JJ., dissent.