L. CHARLES WRIGHT, Retired Appellate Judge.
Mason Field appeals from the granting of summary judgment in favor of Patricia Gilbert.
The facts material to this appeal and dispositive of the issue presented are undisputed. Dr. Field and Mrs. Gilbert were divorced in January 1985. The divorce decree provided in pertinent part “[t]hat, as between the parties, the Defendant [Dr. Field] shall be responsible for the payment of all debts of the parties as of the date of this Order.” During the divorce proceedings it was brought to the court’s attention that a tax shelter in which the parties had participated would in all probability not be allowed by the Internal Revenue Service and, as a result, additional taxes would be due. Subsequent to the divorce the Internal Revenue Service determined that there was an underpayment by the parties of taxes incurred during their marriage. Dr. Field litigated the matter and subsequently agreed to pay the Internal Revenue Service $30,000. Dr. Field paid one-half of the *288 total amount due and refused to pay the remainder. The IRS began normal collection procedures and at the time of this action was in the process of preparing a lien against the parties’ properties for the remaining balance.
Mrs. Gilbert filed a petition for rule nisi and immediate relief, asking the trial court to require Dr. Field to show cause why he should not be held in contempt of court for failure to comply with the divorce decree and further asked that the court require him to pay the remainder due.
Mrs. Gilbert filed a motion for summary judgment with supporting affidavits in which she stated that the forthcoming tax liability was known by the parties and the court at the time of the divorce proceedings. She further stated that for the years in question Dr. Field produced all or substantially all of the income of the parties as reported in the joint income tax returns and that she did not participate in or have any knowledge of the tax court proceedings or the agreement made between the IRS and Dr. Field.
Dr. Field responded to Mrs. Gilbert’s motion for summary judgment and filed a motion for summary judgment in his behalf with a supporting affidavit. Dr. Field did not deny that the probability of additional taxes was discussed during the divorce proceeding.
After reviewing the motions and the affidavits, the trial court ruled in favor of Mrs. Gilbert and found the following:
“The Plaintiff’s ‘affidavit regarding United States Tax Court proceedings’ recites that Dr. Field had notice that the Internal Revenue Service intended to examine the parties’ tax returns for 1978 and 1981 before their divorce trial. The examination gave [rise] to the tax deficiency at issue in this proceeding. The Defendant therefore had an opportunity to rais,e this issue at the time of the original hearing.
“The decree in this case required the Defendant to pay ‘all debts’ of the parties. Under applicable provisions of federal tax law, tax deficiencies accrue as debts as of the due dates of the corresponding tax returns. For example, interest on tax deficiencies accrue from that date, Section 6151, 6601, Internal Revenue Code. Therefore, the requirement that the Defendant pay ‘all debts of the parties’ carried with it the obligation to pay the tax liability for those years as ultimately determined.”
Dr. Field asserts that the entry of summary judgment was in error “since an apparent dispute exists, not only as to each party’s assessment of the value of marital property, but also the extent of any evidence produced at the divorce trial concerning any tax liability which might come into existence at a later date.” We find that the assessment of the value of the marital property is immaterial to the issue at hand. Furthermore, we find that the record reveals that the parties stipulated to the fact that the tax matter was drawn to the court’s attention during the divorce proceeding and prior to the execution of the judgment of divorce.
It is therefore the judgment of this court that the undisputed material facts presented to the trial court support its finding that the divorce decree was entered after consideration of possible income tax liability of the parties. The judgment of divorce specifically provided that Dr. Field would be responsible for the debts of the parties incurred during the marriage. Accordingly, we find that there was no genuine issue of material fact presented to the trial court, and summary judgment was due to be granted as a matter of law. Whitehead v. Johnston, 467 So.2d 240 (Ala.1985).
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of section 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.