CRAWLEY, Judge.
This appeal is from a judgment of the trial court allowing the appellee to foreclose two mortgages.[1] We affirm.
The appellant, Marvin L. Barron II (the “debtor”), and his former wife executed a promissory note, secured by two mortgages, to Rainsville Bank (the “bank”). The bank went into receivership and its assets were acquired by the Federal Deposit Insurance Corporation (the “FDIC”). The debtor never made a payment. The appellee, Lowell Barron (the “creditor”), purchased the note and mortgages from the FDIC. The assignment was written and recorded.
The creditor initiated foreclosure proceedings but suspended that process when the debtor asserted a defense of the statute of limitations on the note. The creditor filed a complaint in the circuit court, requesting that court to declare that the creditor was entitled to foreclose the mortgages. The debtor defended on the statute of limitations and, just before trial, amended his answer to assert a defense of denial of equal protection and due process.
At trial, the debtor, over the creditor’s objection, offered evidence to establish that the promissory note was his father’s obligation, that his father had received the proceeds of the loan in exchange for which the note had been given, that the FDIC had *795 worked out an agreement whereby his father was substituted as the obligor under the note, and that the FDIC and his father had negotiated a settlement of the debts he owed the FDIC. The debtor testified that the settlement resulted in a consent judgment against the father and that the settlement included his note to the bank. The debtor contends that that evidence established satisfaction of the note. The debtor offered no documentation of this agreement, and the trial court sustained the creditor’s objection, thereby excluding this evidence.
The debtor, over the creditor’s objection, also testified that as a bank officer before his retirement in 1986, he had dealt with the FDIC in its handling of assets acquired from failed banks. He stated that the FDIC’s normal policy at that time was to collect the note from the debtor, or to negotiate with the debtor, before attempting to sell the asset to a third party, and he said that the FDIC did not follow this practice with his debt. The debtor did not cite any rule, regulation, or other authority establishing this practice by the FDIC.
The promissory note was dated June 5, 1985, and was in the amount of $297,927.20. It was due September 3,1985. The note and mortgages were assigned to the creditor in December 1993. The creditor’s evidence that the debtor never made a payment on the note and that it was unpaid at the time it was transferred to the FDIC was undisputed.
During the trial, no mention was made of the debtor’s defense of the statute of limitations, and no ruling was made on that defense by the trial court.
The dispositive issues are whether the trial court erred in disallowing the debtor’s evidence of satisfaction and whether the trial court erred in not finding that the failure of the FDIC to follow its procedures violated the debtor’s rights to equal protection and due process.
First, we conclude that the trial court did not err in disallowing the debtor’s evidence regarding satisfaction. The Statute of Frauds applies, specifically § 8-9-2(3) and (7), Ala.Code 1975. Subsection (3) voids “[e]very special promise to answer for the debt ... of another” that is not in writing, and subsection (7) voids “[e]very agreement or commitment to lend money, delay, or forebear repayment thereof’ that is not in writing. The parol evidence rule prohibits parties to a written agreement from attempting to alter the agreement by oral testimony. Whitehead v. Johnston, 467 So.2d 240 (Ala.1985). The offered testimony was also properly disallowed as hearsay. The alleged agreement of satisfaction is premised on conversations between the debtor, his father, and the FDIC. The creditor was not present during these conversations. See Streit v. Wilkerson, 186 Ala. 88, 65 So. 164 (1914).
Second, the debtor contends that the failure of the FDIC to follow its usual procedure in disposing of acquired assets violated his equal protection and due process rights. The debtor’s testimony as to the FDIC’s procedure was inadmissible, because the debtor testified as to what the procedure was before 1986 and not what the procedure was in 1993, when the FDIC sold and assigned the note to the creditor. The FDIC was not a party to this civil action, and the debtor did not prove that the creditor violated any rights of the debtor. The exclusion of this evidence left the debtor with no proof of the denial of his equal protection and due process rights.
Even if the testimony of the debtor had been admissible, we would note that the evaluation of oral testimony, its credibility, and its correctness are within the power of the trial court. T.P.W.C. v. J.R.W., 622 So.2d 931 (Ala.Civ.App.1993).
A default judgment was entered in the creditor’s favor against the debtor’s former wife. The trial court entered a judgment allowing the creditor to foreclose the mortgages.
This case was tried by the trial court, on ore tenus evidence, without a jury. Ample evidence exists in the form of documents and affidavits of the creditor to support the decision of the trial judge. Under such circumstances, the trial court’s judgment will not be disturbed unless its findings are clearly and palpably wrong or are manifestly unjust. Morvay v. Drake, 295 Ala. 174, 325 *796 So.2d 165 (1976), and Semmes Nurseries, Inc. v. McDade, 288 Ala. 523, 263 So.2d 127 (1972).
The judgment of the trial court is affirmed.
AFFIRMED.
THIGPEN, YATES and MONROE, JJ., concur.
ROBERTSON, P.J., concurs in the result.

. This case was Wansferred to this court by the Supreme Court pursuant to Ala.Code 1975, § 12-2-7.